UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kaprice Lance,                                              Civil No. 19-2361 (DWF/BRT)

          Plaintiff,

v.                                                          **ORDER**

Tony Jacobsen, *a peace officer with the
Rochester Police Department, in his
individual capacity,*

          Defendant.

---

Kaprice Lance, *pro se*.

Aaron Mark Bostrum, Esq., and Jason M. Hively, Esq., Iverson Reuvers Condon, counsel for Defendant.

---

This matter is before the Court on Defendant Tony Jacobsen's ("Defendant") Motion to Dismiss for Lack of Prosecution. (Doc. No. 37 ("Motion").) Jacobson asks that the Court dismiss the above-entitled matter with prejudice. (*Id.* at 9, 10.) For the reasons discussed below, the Court grants Defendant's Motion.

On August 27, 2019, Plaintiff Kaprice Lance ("Plaintiff"), then represented by counsel, filed a complaint alleging unlawful search and seizure in violation of the Fourth Amendment, trespass, and battery against Defendant. (Doc. No. 1 ("Complaint").) On November 19, 2019, the Court ordered that fact discovery was due by June 1, 2020. (Doc. No. 10.) On February 6, 2020, Defense counsel served Plaintiff's counsel with

Interrogatories and Requests for Production of Documents. (*See* Doc. No. 43 ("Hively Aff.") ¶ 3, Ex. 1.) On May 5, 2020, Plaintiff's mother emailed Defense counsel three photographs of Plaintiff's handwritten responses to some of Defendant's Interrogatories. (*See id.* ¶ 4, Ex. 2.) Defense counsel notified Plaintiff's counsel of receipt of Plaintiff's email. (*Id.* ¶ 6.) Plaintiff's counsel indicated that the email was intended for him and asked Defendant to ignore it and delete the attachments. (*Id.*) He also promised to provide complete and executed Answers to Defendant's Interrogatories and Responses to Defendant's Request for Production as soon as possible. (*Id.*)

On July 22, 2020, Plaintiff's counsel filed a motion to withdraw from further representing Plaintiff. (Doc. No. 15.) The Court granted his motion on August 3, 2020.[1] (Doc. No. 23.) To date, no new counsel has made an appearance on Plaintiff's behalf.

On August 26, 2020, Defense counsel re-served Plaintiff with his discovery requests, this time including a Request for Admissions, via certified mail. (Hively Aff. ¶ 9, Ex. 3.) The mail was returned undeliverable on September 18, 2020. (*Id.* ¶ 10, Ex. 4.) On October 1, 2020, Defense counsel sent a second letter by mail and email to Plaintiff's known addresses.[2] (*Id.* ¶¶ 11-13, Exs. 5,6.) Defense counsel also emailed Plaintiff's mother at the address which they had received the partial discovery responses

---

[1] Plaintiff's counsel did not provide discovery prior to his withdrawal. (Hively Aff. ¶ 7.)

[2] Defendant also emailed Plaintiff's mother at the address which they had received the partial discovery responses from in May. (*Id.* ¶ 13, Ex. 6.) Defendant's mother responded immediately and asked that she should not be contacted about Plaintiff's personal legal matters. (*Id.* ¶ 15, Ex. 8.)

2

from in May.  (*Id.* ¶¶ 11-13, Exs. 5,6.)  The letter asked that Plaintiff provide her missing discovery responses or contact Defendant to schedule a time to meet and confer by October 8, 2020.  (*Id.* ¶ 12, Ex. 5.)

On October 5, 2020, Defense counsel received confirmation that someone at Plaintiff's address had received the letter and enclosures.  (*Id.* ¶ 14, Ex. 7.)  Plaintiff did not respond or communicate with Defense counsel in any way before the October 8, 2020 deadline.  (*Id.* ¶ 17.)  On October 21, 2020, Plaintiff called Defense Counsel to provide an updated email address at which she could be contacted.  (*Id.* ¶ 18.)  During the call, Defense counsel asked Plaintiff if she planned to respond to their discovery requests and sit for a deposition on November 19, 2020.  (*Id.*)  Plaintiff stated that she had retained a new attorney and declined to discuss discovery or her deposition.  (*Id.*)  Plaintiff did not disclose the name of her attorney.  (*Id.*)  Immediately after the phone call, Defense counsel emailed Plaintiff at her new address to request that she or her attorney respond to the overdue discovery requests by October 28, 2020 and to confirm whether she was available for a deposition on November 19, 2020.  (*Id.* ¶¶ 19, 20, Ex. 20.)  Neither Plaintiff nor her counsel contacted Defense counsel by October 28, 2020.  (*Id.* ¶)

On October 29, 2020, Defense counsel filed a Motion to Compel responses to their recovery requests and for Plaintiff to appear for a deposition on November 19, 2020. (Doc. No. 26.)  Plaintiff did not respond or object to the Motion to Compel, nor did she attend the Motion to Compel hearing.  (*See* Doc. No. 36 ("Nov. Order").)  On November 12, 2020, the Court ordered Plaintiff to respond to Defendant's discovery requests no later than December 18, 2020, and to contact Defense counsel no later than

December 1, 2020 to schedule a deposition to take place no later than December 18, 2020.[3] (*Id.*) The Court also directed that failure to comply with its Order would result in sanctions to be determined by the Court, and may, upon motion filed by Defendant, result in dismissal of Plaintiff's action. (*Id.*)

Plaintiff called Defense counsel on November 13, 2020. (Doc. No. 42 ¶ 3.) Defense counsel explained that the Court had ordered Plaintiff to schedule a deposition. (*Id.*) Plaintiff abruptly ended the phone call before her deposition could be scheduled but stated that she would call back. (*Id.*) Plaintiff did not communicate with Defense counsel in any way until after the December 1, 2020 deadline. (*Id.* ¶ 4.) On December 16, 2020, Plaintiff left a voicemail for Defense counsel asking to be called back. (*Id.* ¶ 5.) Defense counsel returned Plaintiff's call later that day, but she did not answer. (*Id.* ¶ 6.) Defense counsel left a voicemail asking that Plaintiff call back again. (*Id.*) To date, Plaintiff has not contacted Defense counsel again, has not provided discovery responses, and has not scheduled or appeared for a deposition. (*Id.* ¶ 7.)

Defendant filed the instant motion on December 21, 2020. (*See* Motion.) Plaintiff did not respond or object to the Motion. On February 26, 2021, the Court held a hearing on Defendant's Motion. Plaintiff did not attend the hearing.

When a party fails to respond to discovery requests, the Court "may issue further just orders," including an order dismissing the action. Fed.R.Civ.P. 37(b)(2)(A). Further,

---

[3] The Court also amended its scheduling order, allowing for fact discovery to be completed by January 4, 2021. (*See* Nov. Order; *see also* Doc. No. 35.)

4

the Court may order a civil action dismissed "if the plaintiff fails to prosecute or to comply with these rules [of civil procedure] or a court order."  Fed.R.Civ.P. 41(b).  Such a dismissal operates as an adjudication on the merits.  *Id.*  Dismissal is warranted when a plaintiff "persistently refused to answer interrogatories properly."  *Hutchins v. A.G. Edwards & Sons,* 116 F.3d 1256, 1260 (8th Cir.1997).  Dismissal with prejudice, while an extreme sanction, is appropriate "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."  *Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527 (8th Cir. 2000).  This does not require a finding that the litigant acted in bad faith.  (*Id.*)

Here, Plaintiff was provided multiple opportunities and extensions to comply with Defendant's discovery reflects.  Notwithstanding, the record clearly reflects Plaintiff's repeated failure to cooperate, a pattern of non-responsiveness, and general indifference to procedural rules.  Moreover, Plaintiff violated the Court's orders, despite being directly advised that failure to comply with the Nov. Order may result in dismissal of her action.  Even granting deference to Plaintiff as a *pro se* litigant, the Court cannot excuse her failure to comply with substantive and procedural law.  *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir.1984) (citing *Faretta v. California,* 422 U.S.806, 834–35 n.46 (1975).)

Given Plaintiff's pattern of willful delay and noncompliance despite every opportunity to participate and respond, the Court finds that future compliance is unlikely.  Accordingly, the Court dismisses Plaintiff's complaint with prejudice for failure to prosecute.  The Court acknowledges that dismissal with prejudice is an extreme sanction; however, given that Plaintiff failed to comply with the Nov. Order despite being fully

advised that doing so may result in dismissal of her action, the Court finds that a lesser sanction would be ineffective.[4]  *See, e.g.*, *Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1222 (8th Cir. 1998) (affirming dismissal with prejudice after plaintiff's willful disregard for court orders); *Siems v. City of Minneapolis*, 531 F.Supp.2d 1069, 1071 (D. Minn. 2008) aff'd, 560 F.3d 824 (8th Cir. 2009) (finding that sanction lesser than dismissal with prejudice would leave defendant unable to prove his claims); *Hayherst v. Wal-Mart Stores, Inc.,* Civ. No. 12-2526, 2013 WL 3280252, at *3 (D. Minn. June 26, 2013) (ordering dismissal with prejudice after plaintiff was warned that failure to comply with court's order may result in dismissal of claims).

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Tony Jacobsen's Motion to Dismiss for Lack of Prosecution (Doc. No. ([37])) is **GRANTED**.  Plaintiff Kaprice Lance's complaint (Doc. No. ([1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  February 26, 2021          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge

---

[4]     The Court also notes that dismissal with prejudice is appropriate because Plaintiff rendered herself unable to support her claims when she failed to respond to Defendant's Requests for Admissions.  *See* Fed. R. Civ. P. 36(a)(3), (b).

6